Aron Steuer, J.
This is an application pursuant to article 78 of the Civil Practice Act, to review a determination of the State Bent Administrator. The facts are these: Petitioner owns a multiple dwelling. He resides in a two-room apartment in another building which respondent has found to be adequate though petitioner prefers the ground-floor apartment in his own building. This apartment is currently occupied by a statutory tenant. In addition, the petitioner is at present providing without cost living space for his sister-in-law and her son, his nephew. There is a vacant apartment adjoining that which he seeks and he proposes to install his sister-in-law there and combine the two apartments. Accordingly, he asks for a certificate of eviction.
As a matter of right petitioner is in no position to complain of respondent’s adverse ruling. Whether his present accommodations are adequate is a determination peculiarly within the province of respondent, and nothing has been shown to indicate that his determination was in any way arbitrary. Viewed as an attempt to procure accommodations for a member of the owner’s family, it will be seen that a sister-in-law or a nephew are not in the terms of the regulations members of the immediate family (State Bent and Eviction Begulations, § 55, subd. 1).
Petitioner relies, however, on section 54. This gives the Administrator power, in his discretion, to issue a certificate of eviction where there is no compelling necessity if the landlord shows that he can and will relocate the tenant in other suitable accommodations not unreasonably distant and at no greater rental. The tenant may not unreasonably refuse to vacate under these conditions.
Petitioner has made such an offer and respondent agrees that the offer has been made in good faith. Six apartments, all in the neighborhood and all having present rentals in excess of that now being paid by the tenant were offered to him at the *612 same rental he is now paying. Apparently the tenant only considered one of these and the return of the Administrator refers only to that one. It is a fourth-floor apartment and the one in question is on the ground floor. The tenant has a heart condition. This would make a perfectly valid objection were it not for the fact that the proffered apartment is in a building equipped with an elevator. The tenant’s sole expressed objection is that he does not care to be dependent on the elevator’s being in good working condition. In that respondent supports him.
The objection is captious, and the concurrence of the Administrator is consequently arbitrary. Elevators do break down, but so do lights, heat, plumbing and the manifold other conveniences of a mechanically dependent method of living. "Such aberrations, while common in the aggregate, are sufficiently rare in the individual case as not to constitute a valid objection. The hazard is always present but dependence on it is not reasonable.
The motion is granted.